UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICHARD SAMUELS,             )
                             )
          Petitioner,        )
                             )
     v.                      )     Case No. 07-1116
                             )
WISCONSIN DEPARTMENT OF      )
CORRECTIONS, et. al,         )
                             )
          Respondents.       )

## O R D E R

This matter is presently before the Court on Petitioner, Richard Samuels' ("Samuels"), Complaint that purports to be brought pursuant to 42 U.S.C. § 1983. However, for the reasons stated below, the Court finds that this action is more appropriately construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth herein, Samuels' Complaint is DISMISSED WITHOUT PREJUDICE to refiling it as a habeas corpus petition in the Wisconsin courts, and all pending motions are MOOT.

### Background

Samuels is on parole from the Wisconsin Department of Corrections and is supervised by corrections staff in Madison, Wisconsin, which is located within the Western District of Wisconsin. In April 2007, he received permission from his parole officer to travel to Peoria, Illinois, to receive medical treatment.  Samuels subsequently called his parole officer and demanded that he receive permission to stay in Illinois permanently.  His request was declined, and he then filed the present Complaint in this district.

Although Samuels has styled his Complaint as an action under § 1983, he is actually challenging determinations made during his parole proceedings and, therefore, the

conditions of his custody as imposed by the Wisconsin Department of Corrections. While he is no longer incarcerated, it is well-established that "'custody' does not require physical confinement," and challenges to probation, supervised release, and parole proceedings have been held to be cognizable in habeas. Cochran v. Buss, 381 F.3d 637, 640 (7th Cir. 2004), *citing* Jones v. Cunningham, 371 U.S. 236 (1963); Wilkinson v. Dotson, 544 U.S. 74, 89 (2005).

Here, Samuels asks that the parole officer's decision denying him a permanent transfer to Illinois be reversed. Thus, Samuels' Complaint is more appropriately brought as a petition for writ of habeas corpus in either federal or state court.

In federal court, a §2254 Petition:

> [M]ay be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. §2241(d). Although Samuels may be temporarily located in Illinois, his "custody" and conviction clearly arise in Wisconsin. Accordingly, it is the Wisconsin state courts and Western District of Wisconsin that would have jurisdiction over this action. Samuels' Complaint is therefore DISMISSED WITHOUT PREJUDICE to refiling in the Wisconsin courts as a petition for writ of habeas corpus, and all pending motions are MOOT.

ENTERED this 16th day of May, 2007.

                                                         s/ Michael M. Mihm  
                                                       Michael M. Mihm  
                                                       United States District Judge